UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN J. ELLISON,

       Plaintiff,                                  Civil Action No. 15-cv-11361

vs.                                             HON. BERNARD A. FRIEDMAN

NATIONAL COLLEGIATE STUDENT
LOAN,

       Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

On March 10, 2015, plaintiff commenced the instant action by filing a two-count complaint in the 43rd District Court in Madison Heights, Michigan. Count One of the complaint alleges various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and Count Two alleges harassment. Defendant timely removed this matter on the basis of federal question jurisdiction. Defendant then filed a motion to dismiss. Instead of responding to the motion to dismiss, plaintiff filed a motion to remand the case to state court. The Court denied plaintiff's motion to remand and *sua sponte* granted plaintiff an additional 14 days to respond to defendant's motion to dismiss. Plaintiff has not responded and the time for him to do so has expired.

**I. Law and Analysis**

"An opposing party's failure to respond to a dispositive motion can be a basis for granting a motion to dismiss." *Mooneyham v. Equifax Info. Servs., LLC*, 14-cv-136, 2015 WL 1407365, at *2 n.1 (6th Cir. 2015) (citing *Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008)). However, an uncontested motion to dismiss does not relieve the Court of the duty to analyze the movant's argument. *See id.* In comparing a motion to dismiss to a

motion for summary judgment, the Sixth Circuit has cautioned:

> [A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden. We see no reason why the situation should be different in the context of a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

*Mooneyham*, 2015 WL 1407365, at *2 n.1. Accordingly, the Court must ensure that defendant's motion to dismiss satisfies the 12(b)(6) standard.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

In deciding a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff and accept all of the complaint's factual allegations as true," *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001), while keeping in mind that "allegations of a complaint drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a pro se complaint will be liberally construed in determining

whether it fails to state a claim upon which relief can be granted," *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Count One of plaintiff's complaint alleges a violation of § 805(3) and § 807(2)(A) of the FDCPA.  For plaintiff's FDCPA claim to survive a motion to dismiss, plaintiff must plausibly plead the following four elements: (1) that he is a "consumer" as defined in 15 U.S.C. § 1692a(3); (2) that the "debt" arises out of a transaction which is "primarily for personal, family or household purposes"; (3) that defendant is a "debt collector" as defined by the FDCPA; and (4) defendant violated one of the prohibitions in the FDCPA.  *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012).  Defendant argues that plaintiff has failed to plausibly plead facts to establish two of these elements.

Defendant argues that plaintiff has failed to allege any facts that plausibly establish that the underlying obligation was a " debt," as that term is defined under the FDCPA.  The FDCPA defines the term "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  15 U.S.C. § 1692a(5).  After reviewing plaintiff's complaint, the Court agrees with defendant.  The complaint is completely devoid of any factual allegations that describe the debt in question.  Plaintiff has not alleged that he incurred the debt for "personal, family, or household purposes," nor has he alleged any facts that he is a "consumer" within the meaning of the FDCPA.  Plaintiff has therefore failed to plead an essential element of his FDCPA claim.  Defendant also argues that plaintiff has failed to allege any facts that plausibly establish that defendant was a "debt collector."  The FDCPA applies only to a "debt collector,"

which is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." 15 U.S.C. § 1692a(6). The Court agrees with defendant, but not for the reason discussed in defendant's motion. Plaintiff's complaint, which the Court must accept as true, states, "Defendant NATIONAL COLLEGIATE STUDENT LOAN, by and through its attorney(s) SHERMATA [sic], ADAMS & VON ALLMEN, P.C., continually serves collection notices to PLAINTIFF." Compl. at ¶ 1. By plaintiff's own admission, defendant is not the entity responsible for collecting the debt; rather, the law firm Shermeta, Adams & Von Allmen, P.C., is the entity attempting to collect the alleged debt. Accordingly, because plaintiff has failed to plead elements necessary to his FDCPA claim (i.e., "debt" and "debt collector"), plaintiff's complaint, even when construed liberally, must be dismissed.[1]

Plaintiff's complaint also alleges harassment. Defendant argues that because Michigan statutory and common law does not recognize the tort of harassment, this claim should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). After reviewing Michigan statutory and case

---

[1] Defendant argues that plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for the additional reasons that plaintiff has (1) failed to plead facts showing compliance with the statute of limitations; (2) failed to plead facts essential to establishing a § 805(g) claim; and (3) requested relief for which he is not entitled under the FDCPA. As discussed above, plaintiff has failed to plead elements necessary for his FDCPA claim to survive a motion to dismiss. The Court therefore finds it unnecessary to address these additional arguments.

Further, defendant argues that the complaint should be dismissed for insufficient service of process pursuant Fed. R. Civ. P. 12(b)(5). The Court also finds it unnecessary to address this argument, as the complaint must be dismissed under Fed. R. Civ. P. 12(b)(6).

law, the Court agrees with defendant. Count Two of plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted.

## II. Conclusion

For the aforementioned reasons,

IT IS ORDERED that defendant's motion to dismiss [docket entry 6] is granted.

S/ Bernard A. Friedman_____  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

Dated: July 30, 2015  
   Detroit, Michigan